UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HERBERT JERRIDO,

    Applicant,

v.                                                     CASE NO. 8:17-cv-1071-SDM-TGW

SECRETARY, Department of Corrections,

    Respondent.
_____/

## ORDER

Jerrido applies under 28 U.S.C. § 2254 for the writ of habeas corpus (Doc. 14) and challenges his convictions for burglary of a dwelling and violation of a domestic violence injunction, for which he was sentenced to three years' imprisonment. An earlier order (Doc. 27) denied all grounds for relief except ground six and stayed this action to allow Jerrido to exhaust ground six in state court. Upon the apparent completion of the state court proceedings, an order (Doc. 47) directed the respondent both to file a supplemental response and to supplement the record regarding ground six. In the supplemental response (Doc. 50) the respondent correctly argues that ground six — the only ground remaining in this action — is unexhausted and procedurally defaulted.

**I. EXHAUSTION AND PROCEDURAL BAR**

Ground six contains the following assertions of ineffective assistance of trial counsel:

**Sub-ground one:**  Trial counsel was ineffective for failing to raise a double jeopardy claim.

**Sub-ground two:**  Trial counsel was ineffective for failing to argue that "ownership is a material element of burglary" and that it was "fundamentally wrong" to charge Jerrido with "burglary [of] his own home."

**Sub-ground three:**  Trial counsel was ineffective for failing to argue that the evidence was insufficient to prove burglary.

**Sub-ground four:**  Trial counsel was ineffective for failing to argue that the information was defective because it falsely listed Jerrido's wife as the homeowner.

**Sub-ground five:**  Trial counsel was ineffective for failing to argue that the domestic violence injunction contained "statements made with reckless disregard for the truth."

**Sub-ground six:**  Trial counsel was ineffective for failing to argue that "the illegality resulted from the violation of injunction/trespassing, not burglary."

**Sub-ground seven:**  Trial counsel was ineffective for refusing to "adopt" Jerrido's *pro se* motions.

**Sub-ground eight:**  Trial counsel was ineffective for failing to argue that Jerrido had a right to "have the jury correctly and intelligently instructed on the material elements of the crime."

**Sub-ground nine:**  Trial counsel was ineffective for "leaving [Jerrido's] trial while it was in session to go to another hearing."

**Sub-ground ten:**  Trial counsel was ineffective for failing to impeach Jerrido's wife with "numerous inconsistent statements."

**Sub-ground eleven:**  Trial counsel was ineffective for "not giving [Jerrido] a copy of his complete discovery."

> **Sub-ground twelve:** Trial counsel was ineffective for failing to argue that Jerrido "retain[ed]" ownership in his house because it was "not seized and forfeited."
>
> **Sub-ground thirteen:** Trial counsel was ineffective for preventing Jerrido from addressing the judge during sentencing.
>
> **Sub-ground fourteen:** Trial counsel was ineffective for advising Jerrido to falsely testify that he had "never received a copy" of the domestic violence injunction.

(Doc. 10 at 19–21)

Jerrido did not raise sub-ground twelve in state court. He raised the remaining sub-grounds in his Rule 3.850 motions, but he did not appeal the denial of those motions. (Respondent's Exhibits 34, 36, 37, 38, 39, 40, 43) An applicant must exhaust every available state court remedy for challenging his conviction, either on direct appeal or in a state post-conviction motion. "[E]xhaustion of state remedies requires that petitioners 'fairly presen[t]' federal claims to the state courts in order to give the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)); *accord Rose v. Lundy*, 455 U.S. 509, 518–19 (1982) ("A rigorously enforced total exhaustion rule will encourage state prisoners to seek full relief first from the state courts, thus giving those courts the first opportunity to review all claims of constitutional error."). "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary

- 3 -

review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 32 (2004).

Jerrido's failure to present sub-ground twelve in state court — and his decision not to appeal the denial of his Rule 3.850 motions — caused a procedural default of his claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 847 (1999) ("Boerckel's failure to present three of his federal habeas claims to the Illinois Supreme Court in a timely fashion has resulted in a procedural default of those claims."); *see also Leonard v. Wainwright*, 601 F.2d 807, 808 (5th Cir. 1979) ("In Florida, exhaustion usually requires not only the filing of a Rule 3.850 motion, but an appeal from its denial."). Consequently, ground six is barred from federal review absent a showing of "actual cause and prejudice" or "manifest injustice." *Coleman v. Thompson*, 501 U.S. 72, 29–30 (1991); *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

The basis for "cause" must ordinarily reside in something external to the defense. *Marek v. Singletary*, 62 F.3d 1295, 1302 (11th Cir. 1995). To show "prejudice," the applicant must establish "not merely that the errors at his trial created the *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Hollis v. Davis*, 941 F.2d 1471, 1480 (11th Cir. 1991) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)). A fundamental miscarriage of justice occurs only if a constitutional violation has probably resulted in the conviction of someone who is actually innocent. *House v. Bell*, 547 U.S. 518, 536–37 (2006). A petitioner "must establish that, in light of new evidence, 'it is more likely than not that no reasonable

juror would have found petitioner guilty beyond a reasonable doubt.'" *House*, 547 U.S. at 536–37 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

Jerrido neither demonstrates cause and prejudice to excuse the procedural default nor shows that the "fundamental miscarriage of justice" exception applies. Jerrido asserts that he is actually innocent of burglary because "new evidence" — the deed to the house where the burglary occurred — shows that he was the "[s]ole, [t]rue, [l]awful" owner of the residence. (Doc. 55 at 3) This new evidence does not establish Jerrido's "factual innocence." *Bousley v. United States*, 523 U.S. 614, 623 (1998). The prosecution conceded during closing argument that Jerrido "own[ed] the residence." (Respondent's Exhibit 2 at 177) The prosecution's theory of the case was that, because the domestic violence injunction "granted [Jerrido's wife] possession of their marital home while that injunction was in place," Jerrido had "no possessory right to be there." (*Id.* at 177–78) *State v. Suarez-Mesa*, 662 So. 2d 735, 736 (Fla. 2d DCA 1995), explains that "a spouse who has a legal interest in the property but not a current possessory interest can be charged with burglary." Consequently, Jerrido "was properly convicted of burglarizing his own home [because] he was subject to a domestic violence injunction prohibiting him from entering the premises." *State v. Byars*, 823 So. 2d 740, 745 (Fla. 2002).

Jerrido fails to establish either cause and prejudice or a fundamental miscarriage of justice. Therefore, ground six — the only ground remaining in this action — is procedurally barred from federal review.

## II. CONCLUSION

Jerrido's second amended application for the writ of habeas corpus (Doc. 14) is **DENIED**. The clerk must enter a judgment against Jerrido and **CLOSE** this case.

### CERTIFICATE OF APPEALABILITY
### AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Because Jerrido fails to demonstrate either a substantial showing of the denial of a constitutional right or that reasonable jurists would debate both the merits of the grounds and the procedural issues, a certificate of appealability and leave to appeal *in forma pauperis* are **DENIED**. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). Jerrido must obtain permission from the court of appeals to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on July 24, 2023.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE